F. G. MURPHY, Etc. *v.* TURNER NELSON, ADMINISTRATOR, Etc.

**Usury — Pleading — Void Contract.**
> It is not necessary to plead usury where the statute declares all contracts for more than legal interest void to the extent of the usury, and a court of equity will not enforce a void contract.

**Evidence — Pleading.**
> It is error for the court to decree a sale of property covered by an alleged lien, where such lien is denied and not sufficiently proved.

**Lien — Consideration.**
> The failure to state on the face of a note a consideration importing a lien implies either that there was no such consideration or that, if a lien existed, it was thereby waived.

APPEAL FROM NELSON CIRCUIT COURT.

January 25, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

In rendering judgment on the note for $360 the Circuit Court erred in not giving credit for the usury charged and proved.   To

avail himself of the usury it was not necessary for Murphy to plead it, because the statute (second volume, Stanton's Revision, p. 63), declares all contracts for more than legal interest void to the extent of the usury, and court of equity should not enforce a void contract.

It seems to us also that the Circuit Court erred in decreeing a sale of the house and lot for enforcing an alleged lien, denied and not sufficiently proved. Rupell having paid the full consideration to Wilson thereby discharged the lien as against himself and even if Wilson accepted, as part payment, notes held by Rupell on Murphy & Chanb given for the house and lot and thereby held Rupell's lien, there is no sufficient proof that the note afterward given to Wilson for $336 was a substitute for any part of the consideration of the sale by Rupell of the house and lot, or was intended to operate as a lien. Wilson's allegation on this subject is somewhat discredited by his mistake in charging that the note for $336 was also given for a part of the consideration of the house and lot, and by the fact that the new note for $336 does not state or, in any way, indicate such a consideration, which, had it been so and a lien had been intended, a prudent man expecting to secure it would probably show the lien on the face of the note itself, and his failure to state the consideration importing a lien implies either that there was no such consideration or according to the spirit of the statute expounded in 18 B. Mon. 652, he waived the lien.

Under these circumstances the vague "impression" of Chanb as to the consideration is not sufficient against Murphy's denial to authorize a court of equity to enforce the alleged lien to the prejudice of the other creditors of Murphy whom he attempted to secure by a general assignment.

Wherefore, the judgment is reversed, and the cause remanded for a dismissal of the petition for sale of the house and lot, and for a credit for the usury.